## WOODS v. WOODSON et al.

(Circuit Court of Appeals, Eighth Circuit. March 19, 1900.)

No. 1,268.

1. PROCESS—SERVICE ON NONRESIDENT—COLLATERAL ATTACK.

Rev. St. § 738, which authorizes a court to make an order for service outside the district, either personally or by publication, on defendants who are nonresidents and cannot be found in the district, in a suit in equity to enforce any lien or claim against property within the district, does not prescribe the evidence upon which the court shall find the nonresidence; and an order for such special service which contains a finding that none of the defendants were inhabitants of or could be found within the district will be presumed to have been based on sufficient and competent evidence, when collaterally attacked.

2. DECREE—PERSONS CONCLUDED—REPRESENTATION OF BONDHOLDERS BY TRUSTEE IN MORTGAGE.

Bondholders of a corporation whose bonds are secured by a deed of trust giving the trustee authority to bring suit to foreclose the same are represented by the trustee as to any litigation involving the validity of the trust deed, and are bound by a decree canceling the same as invalid in a suit brought against the trustee, although they were not parties thereto.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Under a bill of complaint which was exhibited by the Mound City Boot & Shoe Company and the Wear & Boogher Dry-Goods Company against the Southwestern Arkansas & Indian Territory Railroad Company and the Smithton Lumber Company on March 7, 1896, the circuit court of the United States for the Eastern district of Arkansas appointed John A. Woodson, one of the appellees, receiver of all the property and effects of the two defendant companies, with power to administer their affairs; said corporations having, as it was alleged, become insolvent. The complainants in said bill were judgment creditors of the insolvent corporations. Thereafter, on March 27, 1898, John A. Woods, the appellant, by leave of court filed an intervening petition in said cause, wherein he alleged the following facts: That on October 24, 1895, the Southwestern Arkansas & Indian Territory Railroad Company and the Smithton Lumber Company had executed and put in circulation their joint bonds, of the denomination of $1,000 each, to the amount of $200,000, which were payable on October 1, 1915, and had also executed a deed of trust to the Farmers' Loan & Trust Company, as trustee, whereby they conveyed to said trustee all the railroad property of the aforesaid railroad company, which was particularly described, and all the lands and mill property of the aforesaid mill company, which was also particularly described, as security for the payment of said joint bonds; that the Farmers' Loan & Trust Company had duly accepted the office of trustee, and engaged to execute the trust; that it had been duly requested by the holders of the bonds secured by said deed of trust to prosecute a suit to enforce the provisions of the deed of trust, and to foreclose the same, but had refused to comply with said request; that the intervener was the holder of 165 of said joint bonds, amounting to the sum of $165,000, and that the case in which said intervening petition was filed was referred to a special master on March 30, 1897, to report a list of the creditors of said insolvent corporations, who was about to file his report in obedience to said order of reference, but that the intervener had no information or knowledge concerning what had been done in said cause until a short time before presenting his intervening complaint. The intervener prayed that the joint deed of trust above referred to might be decreed to be a lien upon all the property described therein which belonged to the two insolvent corporations, and that said lien might be adjudged to be superior to the claims of all the complainants in the cause wherein the receiver had been appointed; that an

account might be taken of the amount due on said joint bonds; and that the deed of trust securing the same might be foreclosed. In response to the intervening petition, Woodson, as receiver of the insolvent railway company and mill company, interposed a plea in bar, wherein he averred in substance that on April 4, 1896, he had instituted a suit in equity, as receiver of said insolvent corporations, against the Farmers' Loan & Trust Company of New York, and certain other parties therein named as defendants, the object and purpose of said suit being to obtain a decree that the joint bonds and deed of trust which had been executed by the Southwestern Arkansas & Indian Territory Railroad Company and the Smithton Lumber Company were void and of no effect because it was beyond the power of said corporations to execute said joint bonds and deed of trust. It was averred in substance in said plea that service had been obtained in conformity with law upon the Farmers' Loan & Trust Company of New York by the delivery to the president thereof of an order requiring it to appear and plead to said bill of complaint on or before the first Monday in June, 1896; that it had failed to so appear and plead; that a decree pro confesso was taken against it on August 3, 1896; and that a final decree was entered against it on October 22, 1897, whereby it was adjudged and decreed that said joint deed of trust was void, and that it be canceled and held for nought. The plea further averred that before making said decree the court by which it was made had acquired full jurisdiction of the parties and the subject-matter, and that the deed of trust therein adjudged to be void was the same instrument which the intervener, Woods, was seeking to enforce by his intervening complaint. The cause was set down for argument upon the plea so interposed by the receiver, and after a hearing thereon it was ordered, adjudged, and decreed that the plea interposed a good and sufficient defense to the intervening complaint, and that the same be dismissed. The case comes to this court on an appeal prosecuted by the intervener from the latter order.

James P. English (James H. McCulloch and R. S. Hall, on the brief), for appellant.

W. E. Hemingway (U. M. Rose and G. B. Rose, on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is claimed in behalf of John A. Woods, the intervener and the appellant, that the service obtained in the action which was brought by John A. Woodson, as receiver, for the purpose of annulling the joint deed of trust that was executed by the Southwestern Arkansas & Indian Territory Railroad Company and the Smithton Lumber Company, was insufficient to support the decree subsequently rendered in that suit, adjudging the deed of trust to be void and of no effect, and that the trial court accordingly erred in holding that the plea interposed by the receiver stated a good defense to the intervening petition. Proceedings to obtain service in the action brought by the receiver to test the validity of the joint deed of trust were taken under section 738 of the Revised Statutes of the United States, which is as follows:

"When any defendant in a suit in equity to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought is not an inhabitant of nor found within the said district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear, plead, answer, or demur to the complainant's bill at a certain day, therein to be designated; and the said order shall be served on such absent defendant, if practicable, whenever

found, or, where such personal service is not practicable, shall be published in such manner as the court shall direct. If such absent defendant does not appear, plead, answer, or demur within the time so limited, or within some further time to be allowed by the court in its discretion, it shall be lawful for the court, upon proof of the service or publication of the said order, and of the performance of the directions contained therein, to entertain jurisdiction, and proceed to the hearing and adjudication of such suit, in the same manner as if such absent defendant had been served with process within the said district. But the said adjudication shall, as regards such absent defendant without appearance, affect his property within such district only."

Acting under that statute, the court in which the action was brought made the following order on April 14, 1896:

"Now, on this day comes the complainant, and shows to the court that this is a suit brought by him for the purpose of canceling a certain mortgage executed by the Southwestern Arkansas & Indian Territory Railway Company and the Smithton Lumber Company on the 24th day of October, 1895, conveying all the property of each of said companies of every description, said mortgage being given to secure the payment of 200 joint bonds, of $1,000 each; that the defendant Farmers' Loan & Trust Company of New York is the trustee named in said mortgage, and the defendants O. L. Geer, James C. Hutchinson, and Morritz Lippman, partners as aforesaid, are the holders of the bonds secured thereby; and that none of said partners are inhabitants of, or found within the limits of, this district, nor have voluntarily appeared thereto. It is therefore ordered that said Farmers' Loan & Trust Company, O. L. Geer, James C. Hutchinson, and Morritz Lippman be required to appear on or before the first Monday in June, 1896, and plead, answer, or demur to the bill of complaint herein, and that in case of their failure to appear on that day a pro confesso may be taken against them for their default. It is also ordered that a copy of this order be served on each of said parties, wherever he may be found, and upon the person in possession of the property of each mortgagor company in suit. Such service shall be made by the United States marshal for the proper district of the United States, and the return of said marshal of such service shall be deemed sufficient proof of the service of the order."

To this order the United States marshal for the Eastern district of Arkansas made the following return:

"I have executed the within order by delivering a true and correct copy of this order into the hands of George E. Cunningham and W. P. Ross, persons in charge of the property referred to herein, at Smithton, in the Eastern district of Arkansas; and this order is returned without service as to the defendants the Farmers' Loan & Trust Company of New York, O. L. Geer, James P. Hutchinson, and Morritz Lippman, all of said defendants being nonresidents of, and not found in, the Eastern district of Arkansas, this 30th day of April, 1896."

To the same order the United States marshal for the Southern district of New York made the following return, under date of May 30, 1896:

"I hereby certify that on the 21st day of April, 1896, at the city of New York, in my district, I served the within order upon the within-named Farmers' Loan & Trust Company of New York, by exhibiting to Roswell G. Rolston, president of said company, the within original, and at the same time leaving with him a copy thereof. The within-named O. L. Geer, James C. Hutchinson, and Morritz Lippman not found."

On the strength of such service a decree pro confesso was taken against the Farmers' Loan & Trust Company on August 3, 1896; and on October 22, 1897, a final decree was entered granting the relief prayed for in the bill, to wit, the cancellation of the joint

deed of trust executed by the defendant railway company and the defendant mill company on October 24, 1895.

The particular objection made to the service is that the record does not show that the order of April 14, 1896, prescribing a special mode of service, was based either upon an affidavit showing that the defendants to the bill could not be found within the Eastern district of Arkansas, or that such fact was established by a return, "Not found," made on a subpœna theretofore issued. It will be observed, however, that the statute does not in terms require that the fact that a defendant is not an inhabitant of a district, or cannot be found therein, shall be established in either of the ways last suggested. It is doubtless true that these facts must be proven in some manner to the satisfaction of the court before it is authorized to make the specified order; but we are aware of no reason why such facts may not as well be shown by oral testimony as by an affidavit or a return upon a subpœna, since the statute does not prescribe a particular kind of proof. In the present case the bill of complaint on which the order was obtained did allege that the Farmers' Loan & Trust Company was "a corporation organized and doing business under the laws of the state of New York, in the city of New York," and that O. L. Geer and James C. Hutchinson and Morritz Lippman were "citizens of the state of New York, and residing in the city of New York," so that these facts were established by affidavit since the bill was duly verified. Besides, the order of April 14, 1896, contains a finding by the court "that none of said parties [defendant] are inhabitants of, or found within the limits of, this district, nor have voluntarily appeared hereto." It is true that, as this order is printed in the record which has been lodged in this court, the word "parties," as written in the foregoing excerpt, appears to be "partners." But a stipulation has been filed by counsel showing that a mistake was made in copying from the original record, and that the word "partners," which is written in italics in the above-quoted copy of the order of April 14, 1896, should be "parties," and that it is so written in the record made below. Inasmuch, then, as the record contains a finding by the trial court, as the basis of its order, that none of the parties defendant were inhabitants of, or could be found within the limits of, the Eastern district of Arkansas, it must be presumed, in this proceeding, where the decree is assailed collaterally, that the facts essential to the validity of the order of April 14, 1896, were established by sufficient and competent proof. It was within the power of the court by which the order in question was made to determine whether the defendants were inhabitants of, or could be found within, the district; and, having determined that question in the negative, its decree which is based thereon cannot be assailed collaterally. This is especially true in a case where the statute under which the court acted did not require the production of any particular kind of proof to establish the fact that the defendants could not be found within the district. Voorhees v. Bank, 10 Pet. 449, 9 L. Ed. 490; Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U. S. 552, 557, 8 Sup. Ct. 217, 31 L. Ed. 202; Applegate v. Mining Co., 117 U. S. 255,

269, 6 Sup. Ct. 742, 29 L. Ed. 892; Byers v. Fowler, 12 Ark. 218. It follows, therefore, that the record fails to disclose that the decree against the Farmers' Loan & Trust Company was void, or that it is assailable in this proceeding, by reason of any defect in the service had upon that company.

It is further claimed in behalf of the appellant that the decree against the Farmers' Loan & Trust Company adjudging the invalidity of the joint deed of trust is not binding upon him, because he was not a party to the suit in which the decree was rendered, even if it is binding upon his trustee, the Farmers' Loan & Trust Company, who was duly served with process. This point, however, must be ruled against the appellant on the strength of the following cases: Beals v. Railroad Co., 133 U. S. 290, 10 Sup. Ct. 314, 33 L. Ed. 608; Kerrison v. Stewart, 93 U. S. 155, 160, 23 L. Ed. 843; Shaw v. Railroad Co., 100 U. S. 605, 611, 25 L. Ed. 757; and Richter v. Jerome, 123 U. S. 233, 247, 8 Sup. Ct. 106, 31 L. Ed. 132,—and especially on the strength of the decision in Beals v. Railroad Co., which is on all fours with the case in hand. In the latter case a bill was filed against the trustee in a deed of trust to cancel the same, but the complainant Beals, who was a bondholder, was not made a party thereto. Nevertheless it was ruled that the bondholders were parties by representation, and that a decree canceling the mortgage was obligatory upon the bondholders as well as upon their trustee. We discover no circumstances in the case at bar which will serve to take the case out of the operation of the rule there declared. The joint deed of trust was made to secure 200 bonds, of the par value of $1,000 each, which were doubtless intended for general circulation. It cannot be assumed, therefore, that it was within the contemplation of the parties that all persons who might hold any of the bonds should be made parties to any and every suit which might be brought, affecting the validity of the deed of trust. Indeed, the trustee, under the terms of the deed of trust, was expressly authorized to commence a suit to foreclose the same, and in such a proceeding the grantor in the deed of trust was clearly at liberty to challenge its validity, and litigate that question with the trustee. We are of opinion, therefore, that the deed of trust made the trustee the agent of all the bondholders to defend a suit such as was brought against the trustee for the purpose of having the deed of trust adjudged invalid, that the grantor in the deed of trust was under no obligation to make the bondholders parties to such a proceeding, and that a decree obtained without fraud, and on due service of process upon the trustee, was effectual to conclude the appellant and all other bondholders.

The appellee filed in this case a motion to dismiss the appeal, but, as the decree below appears to be right upon the merits, we have not deemed it essential to consider said motion on its merits. It will accordingly be entered as overruled, and the decree below will be affirmed.