SARAH M. HURR AND W. B. HURR v. E. W. DAVIS AND W. H. SANDS.[1]

May 25, 1923.

No. 23,345.

**Relief granted in action to determine adverse claims.**

1.   In an action to determine adverse claims to vacant and unoccupied lands, plaintiff is entitled to only such relief as the complaint, upon its face, shows him entitled to against the parties named as defendants therein.

**Judgment granting excessive relief void for want of jurisdiction.**

2.   A judgment in an action awarding relief beyond the scope of the complaint is void for want of jurisdiction.   The excessive relief appearing upon the face of the record is open to attack by one not a party to the action whose property rights are affected thereby.

**Such judgment extrajudicial.**

3.   A judgment of that character is not a mere irregularity, but extrajudicial and void.

Action in the district court for Becker county to determine adverse claims to vacant and unoccupied lands.   The case was tried before Nye, J., who made findings and ordered judgment in favor

[1]Reported in 193 N. W. 943.

of defendants. From an order denying their motion to amend the conclusions or for a new trial, plaintiffs appealed. Affirmed.

*Fred Dennis* and *Robert C. Bell*, for appellants.

*Johnston & Carman* and *H. N. Jenson* filed a brief as amicii curiae.

*P. F. Schroeder*, for respondents.

QUINN, J.

This is an action to determine adverse claims to vacant and unoccupied lands. There appears to have been a careful and full trial of the issues, and the trial court made findings and ordered judgment in favor of the defendants. Plaintiffs moved for amended findings and, if that be denied, for a new trial. From an order denying their motion, this appeal was taken.

A somewhat extended history of the situation may result in a better understanding of the issues and decision. The proofs show, as found by the court, that Ah-sum-ah-ge-wabe referred to in the record, was an adult mixed-blood Indian, duly enrolled as a member of the Mississippi Band of Chippewa Indians, belonging to the White Earth Indian Reservation, and coming within the purview of the provisions of the Acts of Congress of February 8, 1887, and January 14, 1889. He will hereafter be referred to as the allottee.

The tract of land in question was allotted to the allottee, by the United States Government, December 30, 1902, and a trust patent duly issued to him, which was recorded July 19, 1906. By this patent the allottee acquired an equity in the land, the fee remaining in the government. By the Act of June 21, 1906, all mixed-blood Indians were given title in fee to their lands.

August 23, 1907, the allottee executed to the defendants, Davis and Sands, for a valuable consideration, a warranty deed conveying to them the premises in question, who, on September 23, 1907, conveyed the same to Mary B. Donovan by warranty deed. In August, 1910, the United States Government filed a suit against Mary B. Donovan, asking that the conveyance to her be canceled and held void, for the reason that the allottee was a full-blood Indian and therefore had no right to convey the land. Neither the allottee nor the defendants herein were made parties to that suit.

The case was referred to a special master in chancery, to report findings of fact and conclusions of law. The master heard the case and in May, 1919, filed his report thereof. Thereafter the judge of the circuit court made and filed a decree, adjudging that the United States of America is the owner of and entitled to the possession of that certain parcel of land in controversy; that the conveyance to the defendant Mary B. Donovan by Davis and Sands is null and void and that the warranty deed from the allottee to Davis & Sands, dated August 23, 1907, was null and void for the reason that the allottee is a full-blood Indian and had no authority to convey such land.

On September 20, 1920, the allottee executed to the plaintiff Sarah M. Hurr, a warranty deed purporting to convey said premises to her, which was duly recorded September 23, 1920. During that month the defendants paid to Mary B. Donovan the sum of $500 in settlement of a suit brought against them for damages on account of their warranty deed to her, and thereafter she gave to the defendants a quitclaim deed of said premises.

A commission acting under the provisions of the Act of June 30, 1913, which authorized the making of a roll of the Chippewa Indians of the White Earth Reservation, including a determination of their blood status, enrolled Ah-sum-ah-ge-wabe as a mixed-blood. The report of this commission was presented to the same judge of the district court of the United States, who made the decree above referred to and it was by him approved on November 12, 1920.

We have then a situation where the allottee, Ah-sum-ah-ge-wabe, was found to be a mixed-blood Indian by the commission and again by the trial court in this action, based upon ample proof, and he was conceded to be a mixed-blood Indian by counsel upon the argument of this case before this court. Upon the face of the decree of the United States circuit court above referred to it appears that Mary B. Donovan was the sole defendant. The decree not only holds the conveyance to her void, but as well the conveyance to the defendants herein, Davis and Sands. Such a decree is not a mere irregularity, but extrajudicial and void insofar as it affects the property rights of the defendants herein.

The case of Sache v. Wallace, decided by this court and reported in 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348, is applicable and controls the decision in this case. It is there held that in addition to jurisdiction of the parties and subject matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question the judgment assumes to determine, or the particular relief which it assumes to grant. The foundation of the rule that judgments of a court of competent jurisdiction are attended with a presumption of absolute verity, is the fact that the parties have been properly brought into court and given an opportunity to be heard upon the matters determined. But the foundation falls and the rule of verity ceases when it affirmatively appears from the record that the judgment adjudicated and determined matters upon which the parties were not heard. Under this rule the decree of the circuit court holding the conveyance to Davis and Sands invalid, they not being parties to the action and not being given opportunity to be heard, is clearly void for want of jurisdiction and open to attack by persons not parties to the action. It follows as a sequence that the defendants Davis and Sands acquired full title to the premises in question under the conveyance to them August 23, 1907, by Ah-sum-ah-ge-wabe, a mixed-blood Indian. The court in the Donovan action had no authority or jurisdiction to set aside or annul, or in any manner interfere with the validity of that conveyance, the grantees therein, Davis and Sands, not being parties to that action. They therefore, on the present record, stand as the owners in fee of the land under the deed of conveyance referred to, and do not claim under the extinguished Donovan title.

It may be said that the decree of the circuit court terminated the interest of Mary B. Donovan in the land, so that the quitclaim deed from her to the defendants conveyed nothing, but the defendants were not dependent upon that instrument in order to maintain their title. Their grantor, Ah-sum-ah-ge-wabe, was a mixed-blood Indian and at the time of the execution of the warranty deed of August 23, 1907, he had full authority to convey the premises, which

he did, to the defendants, and the defendants not having been made a party to the action in the United States Circuit Court, are not estopped to litigate the blood status of Ah-sum-ah-ge-wabe in this action.

Affirmed.

HOLT, J. (dissenting.)

I am unable to reach the conclusion that the Federal court did not have jurisdiction of the question whether the title of Ah-sum-ah-ge-wabe had been acquired by Mary B. Donovan. Right or wrong that decree terminated her title and vested it in United States in trust for the Indian, who has since conveyed to plaintiff.

DIBELL, J. (dissenting.)

I concur in the dissent of Mr. Justice Holt.

The decree in the Federal court determined that Mary B. Donovan had no title. The court had jurisdiction of the subject matter and of Donovan. Its judgment, right or wrong, was conclusive except when directly questioned. Davis and Sands were not parties to the action. They are not bound by the decree except as purchasers from Donovan. But, and this is their trouble, they have no estate or interest in the land, to protect which they may assail its validity or effect.

The quitclaim deed from Donovan to Davis and Sands, executed after the decree, conveyed nothing to them. Donovan had nothing to convey. A purchaser from her was bound by the decree adjudging that she was without title.

Nor did the judgment in some way put in Davis and Sands, or leave available to them, since they were not parties, the title or claim of title coming to them through the Indian, which they had conveyed to Donovan, so that they can assert title through the Indian as a mixed-blood. This is their necessary but unsustainable contention.

This feature of the case may be illustrated in this way: Suppose that Davis and Sands when they conveyed to Donovan had taken a

purchase money mortgage to secure a deferred payment; or suppose that Donovan after getting title had given a loan mortgage. In each of such cases the mortgagee, not being a party to the action, would not be bound by the decree. After the Donovan title had been extinguished by the government action he could still litigate the title to protect his mortgage interest. But the plaintiffs here have no interest in the land. Let it be supposed that the deed from Davis and Sands to Donovan were without covenants, or, though with covenants that Donovan had acquiesced in the decree and made no claim for a breach. It would not be claimed in such a case that Davis and Sands, who had conveyed to Donovan, had an estate or interest in the lands through the deed from the Indian. If they have any now it is because of their responding to a claim for a breach of their covenants by a settlement; but clearly that gives them no right in the land. In a suit on the covenants they could have successfully defended by showing that the Indian was a mixed-blood, for the judgment did not bind them. If they successfully defended, there was an end of the controversy; and by it they got no title to the land. If they were unsuccessful in the defense it would be because the Indian was found a full-blood, and then they ought to be defeated. This would end the controversy; but they would get no title by it. They would not be vested with title whatever their defense was and whether they were successful or unsuccessful. In no way can they attach themselves to the chain of title. They are strangers to it. They have no estate or lien. They are not entitled to litigate with anybody over it. There is now just one effective chain of title, that starting in the deed from the Indian to the plaintiffs. That prevails. If the defendants have suffered a loss by paying damages for a breach of their covenant, it cannot now be remedied, though it might perhaps have been avoided. Such payment does not give them title. The title, if any, which they got from the Indian passed by their deed to Donovan. It did not revest in them because of their payment, made necessarily or unnecessarily, in satisfaction of the assumed breach of their covenants.

The case of Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348, is without application. That involved a default judgment and what was said had reference to such a judgment. There is no quarrel with the fundamental doctrine announced that one not a party to a judgment is not bound by it.

On June 26, 1923, the following opinion was filed:

PER CURIAM.

The decision heretofore rendered in this cause, after due consideration of an application for rehearing is in all things adhered to. The theory and holding of the majority of the court in the former opinion was that since defendants were not parties to the Federal suit, involving the blood status of the Indian to whose title defendants succeeded by conveyance executed, delivered and recorded, prior to the commencement of that action, the judgment subsequently rendered therein is not res judicata as to them. 15 C. J. 1315. They are not here required to claim under or through defendant in that suit; their original title acquired through the government, plaintiff in that action, remains, so far as disclosed by the record, unchallenged in any litigation in which defendants have been afforded an opportunity to be heard. If in fact they were given notice and opportunity to appear and defend the Donovan suit and through relievable neglect or inadvertence plaintiffs in this action failed to show that fact, relief can only be had, if at all, by application to the court below, and not on petition for rehearing here.

Petition for rehearing denied.