## HERMAN MIELKE v. JAMES B. SCHERMERHORN.[1]

April 17, 1925.

No. 24,565.

**Plaintiff bound by decree of Federal court annulling deed on which his title rested.**

In this action of ejectment plaintiff's title rested upon a deed which had been annulled by a decree of the Federal district court in Minnesota in a suit brought by the United States against plaintiff, and from which no appeal was taken. It is *held*:

(1) Jurisdiction of the defendant therein, being plaintiff herein, was duly acquired by constructive service.

(2) The Federal court had jurisdiction over the subject matter of the action, involving land in the White Earth Indian Reservation, allotted to an Indian under a trust patent, which land the Indian had undertaken to convey to plaintiff herein after the Clapp Amendment took effect.

(3) The decree rendered in such suit is not open to collateral attack in this action, and is conclusive proof that plaintiff has no title.

(4) Minor points raised by the errors assigned do not destroy the binding effect of that decree upon plaintiff herein.

1. See Federal Courts, 25 C. J. p. 811, § 135.
2. See Indians, 31 C. J. p. 542, § 145.
3. See Judgments, 34 C. J. p. 1160, § 1643; p. 1161, § 1644.
4. See Equity, 21 C. J. p. 798, § 948; Indians, 31 C. J. p. 520, § 91 (1926 Anno).

Action in ejectment in the district court for Mahnomen county. The case was tried upon agreed statement of facts before Grinde-

[1] Reported in 203 N. W. 440.

land, J., who ordered judgment in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Edward L. Rogers*, for appellant.

*Gordon Cain*, for respondent.

HOLT, J.

Action in ejectment. Plaintiff alleged ownership, and defendant's wrongful possession. The answer was a general denial. Trial to the court, and findings in favor of defendant. Plaintiff appeals from the order denying a new trial.

The land involved is an 80-acre tract of the White Earth Indian Reservation allotted to an adult mixed blood Chippewa Indian by the name of Wiesse, under the Act of Congress of February 8, 1887 (24 St. at Large, 388), and a trust patent issued to him. By the so-called Clapp Amendment of June 21, 1906 (34 St. 325, et seq.), restrictions in the trust patent were removed, and Wiesse became the owner in fee simple. The next summer he sold and conveyed the land to plaintiff, and the deed was duly recorded August 5, 1907. By that deed plaintiff unquestionably acquired a good title to the land, and still has it unless divested by the decree now to be noted. This appeal must turn upon the effect of that decree.

On December 9, 1910, the United States, by the attorney general, filed a bill in equity in the Federal court in the district of Minnesota, wherein plaintiff herein was made defendant, for the purpose of canceling the deed he received from Wiesse, on the ground that Wiesse had no right to dispose of the land and that it was still under the restrictions of the trust patent. Notice of lis pendens was duly filed, and summons issued, but returned by the marshal with the notation that defendant was not found in his district. Thereafter the court determined that personal service on defendant was not practicable and directed service by publication. A decree pro confesso was entered May 31, 1917, that the United States was the owner and entitled to the possession of this 80-acre tract, subject to the rights acquired by Wiesse under his trust patent, and specifically declaring null and void the deed from him to the de-

fendant, the plaintiff herein, and that neither he nor any one claiming through or under him has any right, title or interest in or to the land.

Plaintiff assails this decree in several respects. It is claimed the service of the summons was defective. The Federal statute for constructive service provides that when a defendant shall not be an inhabitant of or found in the district where the suit is brought, or shall not voluntarily appear, "it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks." (Act of March 3, 1911, 36 St. 1087, § 57). The order for publication recites it was made to appear from the affidavit and application of one of the solicitors for complainant that defendant was not an inhabitant of or found within said district of Minnesota, and has not appeared herein, and then proceeds: "It further appearing to the court that it is not practicable to serve this order upon said defendant, Herman Mielke," the publication is ordered. Plaintiff claims the affidavit, which is on file, does not state facts showing the impracticability of personal service, and therefore the order has no basis. There are two answers. The statute does not require an affidavit to be made or filed. And, secondly, this affidavit does show the defendant in the suit to be a nonresident of the district, and not to be found therein, and his residence and whereabouts unascertained after diligent search by the affiant. This on the face of the record presents prima facie proof for the finding of the court, but, that aside, there is nothing to show that further evidence was not heard and considered in making the order. Woods v. Woodson, 100 F. 515, 40 C. C. A. 525. This is a collateral attack upon a judgment and decree, and must fail unless want of jurisdiction appears on the face of the record. It seems to us the contrary is the case here.

The contention is also made that under the Clapp Amendment the title passed absolutely from the United States to Wiesse, hence its courts had no longer jurisdiction over the subject matter. But whether or not it so had was certainly within the jurisdiction of its courts to determine. The claim in the bill was that Wiesse had conveyed contrary to the conditions of the trust patent. Had he been a full blood or a minor it would be quite obvious that jurisdiction was in the court, to deal with the subject matter of the suit. Whether Mielke's grantor was a full blood or a mixed blood Indian, adult or a minor did not go to the jurisdiction of the court, but was a fact to be determined in the trial. Wiesse was of Indian blood and a ward of the government. The conveyance in the suit was by him. We have no reason to doubt that the court had jurisdiction of the subject matter. Suits of like character were maintained without even suggesting want of jurisdiction in United States v. First Nat. Bank, 234 U. S. 245, 34 Sup. Ct. 846, 58 L. ed. 1298. We fail to see any analogy between a case of this sort, and one where a probate court undertakes to administer the estate of a living person as in Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. ed. 896.

A further claim is made that this being a decree pro confesso, it must be based alone upon the facts alleged in the bill, and those are not sufficient to support it. However, the bill does aver the character of the land, that a trust patent, stating its conditions, issued to Wiesse, an Indian of the Chippewa tribe, that the Indian mistook his rights as allotee and holder of the patent and executed the deed mentioned, and that Mielke acquired no rights thereby. There is nothing on the face of the bill indicating that the deed was executed by an adult mixed blood. Appellant cites Thompson v. Wooster, 114 U. S. 104, 113, 5 Sup. Ct. 788, 29 L. ed. 105, but it seems to us that case does not help him. There the court says: "a decree *pro confesso* is not a decree as of course according to the prayer of the bill, nor merely such as complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true." And speaking of an applicable court rule,

the court continues: "This language shows that the matter of the bill ought at least to be opened and explained to the court when the decree is applied for, so that the court may see that the decree is a proper one. The binding character of the decree, as declared in Rule 19, renders it proper that this degree of precaution should be taken." The decree recites that the cause came on for hearing. There is nothing to indicate that the court was not fully advised by competent evidence so as to enter a proper decree. Such a decree cannot be impeached collaterally according to the decision just quoted from. We think the decree on the face of the record shows plaintiff's title wiped out by the annulment of the deed from Wiesse. That being so, defendant's claim of title is of no importance.

The finding of the commission to determine the blood status of the Indians, under the act of Congress of June 30, 1913 (38 St. at Large, p. 89), is also invoked. But the suit to annul Mielke's deed was pending when the law creating the commission was enacted, and such suits are expressly excepted from being affected by the findings of the commission and the decree to be entered thereon.

The order is affirmed.