*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2229**

Charles F. Bond,
Respondent,

vs.

American Select Insurance Management Corporation,
a Florida corporation, et al.,
Defendants,

Timothy J. Pawlik, et al.,
Appellants.

**Filed July 14, 2014
Vacated in part and appeal dismissed in part
Hooten, Judge**

Hennepin County District Court
File No. 27-CV-06-15000

Gerald H. Fornwald, Michael A. Rosow, Jacob B. Sellers, Winthrop & Weinstine, P.A., Minneapolis, Minnesota (for respondent)

John G. Westrick, Westrick & McDowall-Nix, PLLP, St. Paul, Minnesota (for appellants)

Considered and decided by Kirk, Presiding Judge; Hooten, Judge; and Willis, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellants challenge the district court's order clarifying and modifying a judgment in aid of execution, arguing that the district court lacked authority to subject non-parties to the judgment and to order non-parties to pay the judgment with money owed to appellant judgment debtor. We vacate in part and dismiss the appeal in part.

## FACTS

In July 2004, respondent Charles Bond and American Select Insurance Management Corporation executed a loan agreement and an associated promissory note for $1,200,000. Appellant Timothy Pawlik was one of the guarantors of the note. There was a default on the loan agreement and a subsequent breach of a forbearance agreement. As a result, in July 2007, the district court ordered the entry of a money judgment against Timothy in the amount of $922,434.83. The judgment was entered and docketed.

More than six years later, after substantial litigation on issues unrelated to this appeal, Bond moved the district court to "exercise its inherent authority to enter an order modifying and/or clarifying the Judgment to make clear that the various 'Ethix Re' entities under which [Timothy] . . . has done business as are one . . . and that any money paid to those entities on [Timothy's] behalf are subject to the Judgment." In support of this motion, Bond submitted documentation supporting his allegation that Timothy has been using various entities to avoid paying the judgment, including a Florida company called Ethix Reinsurance Intermediaries, LLC (ERI), and that appellant Thomas Pawlik, Timothy's brother, is a managing member of ERI. The notice of hearing and motion

were served on Timothy in only his personal capacity, with no mention of any other entity. Timothy did not file a written objection to the motion.

On the same day of the uncontested motion hearing, the district court granted Bond's motion and signed Bond's proposed order, which stated in part:

> The Judgment is hereby amended, modified and clarified as follows: The money judgment entered by the Court against [Timothy] and in favor of [Bond] . . . of the Judgment shall apply not only to [Timothy] individually, but shall extend with equal force to any entity or d/b/a through which [Timothy] conducts business, holds assets, or accepts payments, including, but not limited to, any entity or d/b/a owned or operated by [Timothy] that contains the name "Ethix Re" as all or part of its name.
>
> . . . It is further ordered that any entity or person owing money to any entity or d/b/a under which [Timothy] is conducting, or has conducted, businesses is hereby directed to pay such amounts directly to Bond.

Timothy, Thomas, and ERI jointly appeal.

## D E C I S I O N

### I.

As a preliminary matter, Bond asserts that Thomas lacks standing to appeal the district court's order. He is correct.

"Because standing is a jurisdictional issue, we evaluate decisions on standing de novo." *In re Custody of D.T.R.*, 796 N.W.2d 509, 512 (Minn. 2011). "Standing to bring an action can be conferred in two ways: either the plaintiff has suffered some injury-in-fact or the plaintiff is the beneficiary of some legislative enactment granting standing. To demonstrate an injury-in-fact, the plaintiff must show a concrete and particularized

3

invasion of a legally protected interest." *Id.* at 512–13 (quotations and citation omitted). "That a party must be aggrieved in order to appeal [is] fundamental . . . ." *Id.* at 513 (quotation omitted). "Whether a party is aggrieved depends on whether that party's personal right [was] injuriously affected by the adjudication. A party with no interest in the subject of the litigation cannot be aggrieved by the adjudication and consequently has no right to appeal." *Id.* (alteration in original) (quotations and citation omitted). "[T]he general rule is that a person may appeal from a judgment that adversely affects his or her rights, even if the person was not a party to the proceeding below." *Sammons v. Sammons*, 642 N.W.2d 450, 456 (Minn. App. 2002).

Here, Thomas was not a party to the proceeding below. In his brief to this court, Thomas asserts that he has standing "because the order assisting in the execution of judgment adversely affects" him. But Thomas fails to explain and point to evidence of the judgment's adverse effect on him. Moreover, he does not assert standing based on statutory authority. Accordingly, we dismiss this appeal in part as it relates to Thomas.

We also dismiss the appeal in part as it relates to Timothy. *See Annandale Advocate v. City of Annandale*, 435 N.W.2d 24, 27 (Minn. 1989) (stating that "[t]he question of standing . . . can be raised by this court on its own motion"). Timothy has no standing to appeal the particular issue of whether the district court erred by subjecting non-parties to the judgment. Indeed, Timothy was already subject to the 2007 judgment, and the district court's subsequent order adding non-parties—the one appealed from—did not change this. Accordingly, Timothy has not been aggrieved by this particular determination by the district court. Timothy, however, is aggrieved by the district court's

4

other determination ordering non-parties to pay the judgment with money owed to him, so he has standing to appeal that issue.

## II.

Bond also asserts that Timothy and ERI failed to preserve any issues for appellate review because they "did not submit any written objection nor did they object at the hearing to the relief requested by" Bond. We are not persuaded by this argument.

"A reviewing court must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (quotation omitted). Here, Timothy was a party and was served with the motion and given an opportunity to object. So we agree with Bond that Timothy failed to raise issues for the district court to consider.

ERI, however, was not a party. The record shows that the notice of hearing and motion were served on Timothy at his Brooklyn Park address. According to documentation in support of Bond's motion, Timothy's Brooklyn Park address is also ERI's mailing address. But "[a] corporation is a distinct entity from its stockholders. All corporate powers, franchises, and rights are vested in the corporation and not in the stockholders. Among such powers is that of suing and defending in its own name." *Singer v. Allied Factors*, 216 Minn. 443, 445, 13 N.W.2d 378, 380 (1944). The notice and motion were served on Timothy in only his personal capacity, with no mention of ERI or any other entity. ERI, therefore, was not served with the notice of hearing and motion and had no opportunity to preserve any issues for appeal.

5

Even if ERI had been served with the notice and motion, absent a court order, a non-party is not required to appear and contest a motion regarding a judgment of which it is not a subject. *See* Minn. Stat. § 575.07 (2012) (providing that, "upon proof, by affidavit or otherwise, to the satisfaction of the judge, that any person . . . is indebted to the judgment debtor in an amount exceeding $10, the judge may require such person, or any officer thereof if a corporation, upon such notice to any party as may seem proper, to appear and answer concerning the same"). Accordingly, the issues on appeal are properly before us based on ERI's participation in this appeal, regardless of Timothy's failure to raise them.

### III.

Turning to the merits, ERI argues that the district court violated its due-process rights by subjecting it to Timothy's judgment. It asserts that Bond could have obtained leave to add ERI as a party under Minn. R. Civ. P. 15.01, but failed to do so.[1] We agree.

"It is settled that a judgment may not be enforced against persons who are not parties to an action." *Staab v. Diocese of St. Cloud*, 813 N.W.2d 68, 75 n.5 (Minn. 2012). The reasoning is rooted in due-process principles:

> The foundation of the rule that judgments of a court of competent jurisdiction are attended with a presumption of absolute verity, is the fact that the parties have been properly brought into court and given an opportunity to be heard upon the matters determined. But the foundation falls and the rule of verity ceases when it affirmatively appears from the record

---

[1] ERI also asserts that Bond could have filed a supplemental complaint against it, citing Minn. R. Civ. P. 69 and Minn. Stat. § 550.135, subd. 8 (2012). But section 550.135 is inapplicable because it relates only to a sheriff's levy on property held by a third party, which is not at issue here.

6

> that the judgment adjudicated and determined matters upon which the parties were not heard. Under this rule the decree of the circuit court [subjecting certain individuals to a judgment], they not being parties to the action and not being given opportunity to be heard, *is clearly void for want of jurisdiction and open to attack by persons not parties to the action*.

*Hurr v. Davis*, 155 Minn. 456, 459, 193 N.W. 943, 944 (1923) (emphasis added). Here, ERI and other non-parties were never properly brought into court or given an opportunity to be heard on their involvement with Timothy. Accordingly, the district court's order is "clearly void for want of jurisdiction." *See id.*

Bond argues that the district court possessed inherent authority to ensure compliance with its own orders and may therefore subject non-parties to the judgment. Bond refers to Timothy's alleged "continued use of the 'Ethix Re' entities to subvert the Judgment" and argues that the district court "was well within its authority to expand the Judgment to ensure compliance and to put an end to the fraud that was being committed upon it."

But Bond misunderstands the district court's inherent authority. Significantly, he cites no authority standing for the proposition that a district court may subject a non-party to a judgment under its inherent authority. "The judiciary's inherent power governs that which is essential to the existence, dignity, and function of a court because it is a court." *State v. M.D.T.*, 831 N.W.2d 276, 280 (Minn. 2013) (quotation omitted). "In order to determine whether inherent authority exists, we ask whether the relief requested by the court or aggrieved party is necessary to the performance of the judicial function as contemplated in our state constitution." *Id.* (quotation omitted). Because, as we have

7

stated, due process prohibits a judgment to be enforced against non-parties who have not been properly served and given an opportunity to be heard, it follows that such a due-process violation is not necessary to the performance of the judicial function as contemplated by our constitution. The district court's inherent authority, therefore, does not encompass the authority to subject ERI to Timothy's judgment, and the district court erred as a matter of law by doing so.

Finally, Timothy and ERI argue that the district court erred by ordering any person or entity owing Timothy money to direct payments to Bond to satisfy the judgment. In making this determination, the district court cited no legal authority. On appeal, Bond points to no authority allowing the district court to make this determination. Similarly, we have found no authority supporting the district court's determination. Because ERI was not a party to the action, the district court did not have jurisdiction over ERI. *Cf. Hurr*, 155 Minn. at 459, 193 N.W. at 944 (holding that a judgment against persons not parties to the action was "clearly void for want of jurisdiction and open to attack by persons not parties to the action"). To the extent that ERI is an entity owing Timothy money, the district court erred as a matter of law by ordering ERI to pay Bond in satisfaction of Timothy's judgment.[2]

---

[2] Although the district court did not have jurisdiction over ERI, nothing in this opinion precludes the district court from continuing to exercise jurisdiction over Timothy and directing that his property, including property in his hands or payment of amounts owed to him by others over which the district court has jurisdiction, is to be applied toward satisfaction of the judgment. *See* Minn. Stat. § 575.05 (2012) (providing that the district court "may order any of the judgment debtor's property in the hands of the judgment debtor or . . . due to the judgment debtor . . . to be applied toward the satisfaction of the judgment").

In sum, we dismiss the appeal in part because Thomas lacks standing to appeal all issues and because Timothy lacks standing to appeal the district court's determination subjecting non-parties to the judgment. We vacate in part the district court's order for lack of jurisdiction over ERI.

**Vacated in part and appeal dismissed in part.**