## UNION PACIFIC RAILROAD COMPANY v. WILLIAM H. RULE.[1]

April 27, 1923.

No. 23,405.

Injunction of foreign court against prosecution of injury action not enforceable in Minnesota.

A final decree, rendered by a court of general jurisdiction in another state, permanently enjoining a citizen therein from maintaining and prosecuting an action against another to recover for an injury received through the latter's negligence in the courts of this state, which decree in no manner adjudicates or purports to affect the alleged cause of action for the injury, is not one suable and enforceable in the courts of this state under section 1, article 4, of the Federal Constitution guaranteeing full faith and credit to the judicial proceedings of the courts of other states.

Action in the district court for Mille Lacs county to restrain defendant from prosecuting an action against plaintiff in violation of

[1]Reported in 193 N. W. 161.

an injunction of the district court of Iowa. From an order, Parsons, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Sanborn, Graves & Ordway, C. A. Magaw* and *Douglas F. Smith*, for appellant.

*George C. Stiles* and *F. M. Miner*, for respondent.

HOLT, J.

The complaint alleges that plaintiff is a Utah corporation operating a line of railway from Ogden, Utah, to Council Bluffs, Iowa; that on June 16, 1922, the district court of Pottowattamie county, Iowa, a court of record of general jurisdiction, rendered a judgment in favor of plaintiff and against defendant in an action therein pending, permanently enjoining and restraining defendant from maintaining or prosecuting any suit instituted in the state of Minnesota against plaintiff on account of the injury sustained by defendant on or about December 13, 1921, while employed by plaintiff as switch foreman, and, particularly, defendant is permanently restrained and enjoined from maintaining that certain action brought by him in the district court of Hennepin county, Minnesota; against this plaintiff for such injury. The complaint also alleges that the district court of said Pottowattamie county had jurisdiction of the subject matter and of the person of defendant; that the judgment has not been appealed from and is in full force and effect; that defendant in violation of said judgment in September, 1922, began an action in the district court of Mille Lacs county, Minnesota, against this plaintiff to recover for the same injury, which he by said decree of the district court of Pottowattamie county was enjoined from prosecuting in the courts of Minnesota; it invokes for the Iowa decree the full faith and credit guaranteed by the Federal Constitution to judicial proceedings of other states, and prays for judgment perpetually enjoining defendant from attempting to litigate in the courts of this state his right to recover from this plaintiff for the injury sustained as aforesaid. In short, the complaint is founded upon and seeks to enforce against defendant the injunctional decree rendered in the

district court of Iowa. From an order sustaining a demurrer to the complaint, plaintiff appeals.

Federal and state authorities are in accord on the proposition that, as to parties domiciled in a state, its courts of general jurisdiction may enjoin one from suing the other in the courts of any other state upon a cause of action suable in the courts of the state of their domicile. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. ed. 538; Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. 534; Freick v. Hinkly, 122 Minn. 24, 141 N. W. 1096, 46 L. R. A. (N. S.) 695; Wilser v. Wilser, 132 Minn. 167, 156 N. W. 271. See also the many cases from other states cited in 14 R. C. L. pp. 411 to 419, and in Weaver v. Alabama Great So. R. Co. 200 Ala. 432, 76 South. 364; Reed's Admx. v. Illinois Cent. R. Co. 182 Ky. 455, 206 S. W. 794; Chicago, M. & St. P. R. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218. Here plaintiff is not an Iowa corporation, but it must be considered as domiciled therein for the purpose of this action, since its line of railroad is there located, in the operation of which defendant received the injury for which he sues in this state. There is no allegation that defendant was domiciled in or a citizen of Iowa, when the action was begun in which the injunctional decree was rendered, but there is an allegation that the Iowa court had jurisdiction of his person and the subject matter of the suit, and as against a demurrer it must be assumed that defendant was a citizen of Iowa, or domiciled therein, if that be necessary to give the court jurisdiction to enter a decree of the nature here involved. Hence the precise question for decision is whether the Iowa decree is one which the courts of this state must enforce pursuant to section 1, article 4, of the Federal Constitution, which guarantees full faith and credit to the judicial proceedings of sister states.

It is conceded that the Iowa decree does not in any manner adjudicate or affect defendant's cause of action against plaintiff for the injury received in its employment, but is predicated solely on the proposition that it will impose a needless hardship and expense upon plaintiff to defend in the courts of this state. The Iowa decree is strictly in personam, enforceable solely by proceedings as

for contempt. Is this such a judicial proceeding as the Federal Constitution and statutes intend to be suable and enforced in the courts of sister states? It is well settled by the decisions referred to that a decree enjoining a party from prosecuting an action in another state does not and cannot stay the courts of such state. State ex rel. Bossung v. District Court, 140 Minn. 494, 168 N. W. 589, 1 A. L. R. 145, and cases there cited.

The injunction decree of the Iowa court solely adjudicates and determines that the defendant therein shall not exercise in Minnesota the right and privilege granted by section 2, article 4, of the Federal Constitution. It is not believed that the right and privilege there granted can be either taken away or materially impaired beyond the limitations fixed in Chambers v. Baltimore & O. Ry. Co. 207 U. S. 143, 28 Sup. Ct. 34, 52 L. ed. 143. In other words, the courts of the several states are without authority or jurisdiction to curtail or prohibit in any form the exercise of rights and privileges conferred by the section just referred to, and the Iowa decree must therefore be held upon its face to be inoperative and of no force beyond the borders of that state. Otherwise, in a roundabout way, that may be accomplished which was held inhibited in the Bossung case, supra.

The Iowa decree is not an adjudication affecting any personal or property rights between the parties so that by execution or other process of a court defendant may be compelled to render to plaintiff any money or property of any nature to which it is entitled. It can be enforced in Iowa only as for contempt. True, the proceeding may be either a criminal or civil contempt. As to the former no claim can be made that the courts of another state may enforce the Iowa injunction decree directly; nor may it be done by way of civil contempt, at least not until further steps have been taken by the Iowa court, under its decree, adjudicating the amount to which this plaintiff may be entitled because defendant persists in carrying on the litigation already instituted in this state. That the full faith and credit clause of the Federal Constitution does not constrain the courts of this state by injunction to enforce penalties imposed by

the courts of sister states is held in Wisconsin v. Pelican Ins. Co. 127 U. S. 265, 8 Sup. Ct. 130, 32 L. ed. 239.

Again, defendant's alleged cause of action is transitory. In Tennessee Coal & Iron R. Co. v. George, 233 U. S. 354, 34 Sup. Ct. 587, 58 L. ed. 997, L. R. A. 1916D, 685, it was held, following principles laid down in Atchison, T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. ed. 695, that the full faith and credit clause of the Federal Constitution did not require the courts of Tennessee to give credit to a statute of Alabama denying the right of a claimant to sue elsewhere than in Alabama on a transitory cause of action arising in Alabama. The decree of a court of a state is of no more compelling effect than an act of its legislature, and it would seem to follow as a necessary sequel to the Sowers and George cases that section 1, article 4, of the Federal Constitution does not require the courts of Minnesota to give credit to this decree of an Iowa court denying defendant the right to sue in Minnesota on a transitory cause of action arising in Iowa.

The majority of the court are of the opinion that the demurrer was well taken.

The writer and Justice Quinn are unable to concur in the result stated. The Iowa decree determines that this plaintiff had the right to protection against a suit upon defendant's alleged cause of action in the courts of this state. The parties and subject matter were within the jurisdiction of that court. The right so adjudicated, this court and other courts, in decisions already referred to, recognize and protect as valuable, and the decree of the Iowa court so adjudicating we think comes within the full faith and credit clause of the Federal Constitution when a direct action is brought thereon in this state. This action is not one to enforce a penalty, but based upon an adjudicated private right. Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. ed. 1123. It matters not that the Iowa court may have erred as to the law or the facts. Fauntleroy v. Lum, 210 U. S. 230, 28 Sup. Ct. 641, 52 L. ed. 1039. If such error there be, the remedy was to be had in the courts of Iowa.

The order sustaining the demurrer is affirmed.