SHERMAN W. CHILD AND ANOTHER v. WASHED SAND & GRAVEL COMPANY.[1]

November 28, 1930.

No. 28,161.

[1]Reported in 233 N. W. 586.

560

*Ohman, Fryberger & Wangaard,* for appellants.
*Child & Child,* for respondents.

WILSON, C. J.

The defendant and its president, Mr. Henry, appealed from an order finding said Henry guilty of contempt of court and directing that he be committed to jail until he purge himself of the contempt.

Plaintiffs prosecuted an action to restrain and enjoin defendant from prosecuting, supporting, or maintaining certain cross-actions pending in the state of Texas. The prayer did not contain the usual request "for such other and further relief as to the court seems proper." Defendant did not appear, and the case was tried as a default case. Judgment was ordered and entered, among other things, commanding defendant to dismiss the cross-actions pending in Texas. Mr. Henry is the president of defendant and the sole surviving officer and majority stockholder therein.

In May, 1930, Henry as such officer of defendant was required to show cause why he should not be adjudged in contempt of court for failing to cause the filing of such dismissals. On May 8 the court made an order adjudging him in contempt of court in said respect and ordered that he be allowed until May 23, 1930, to purge himself of such contempt, and that if he failed to do so a warrant of commitment be issued in accordance with G. S. 1923 (2 Mason, 1927) § 9804, imprisoning him until he caused the dismissals to be filed. Pursuant to adjournments the matter came before the court again on June 3, 1930. Further proceedings were had. Evidence was submitted. The defendant and Henry did not avail themselves of the 15 days' time in which to comply with the judgment. The court on that day made a further order in which it was determined that it was within Henry's power to have complied with the judgment, and that prior to and since May 8 he had been and still was wilfully refusing to comply with said judgment in relation to such dismissals and was because thereof still in contempt of court; and so determining the court ordered that a warrant of commitment be issued.

■ Respondents claim that the order is not reviewable because there is no settled case or certification within the doctrine of Radel v. Radel, 123 Minn. 299, 143 N. W. 741. But that rule no longer prevails in all cases. Fidelity-Philadelphia Tr. Co. v. Brown, 181 Minn. 392, 232 N. W. 740. We have all the original files before us. The principal question presented does not require the evidence to be here. There is one question hereinafter mentioned sought to be reviewed which cannot be reviewed in the absence of a settled case. The appealability of the order herein is supported by Semrow v. Semrow, 26 Minn. 9, 46 N. W. 446.

■ Did the judgment take in more territory than contemplated by the complaint and its prayer for relief? Appellant claims that it did and that the excess, to-wit: the requirement to make the dismissals, was ultra judicial and void.

G. S. 1923 (2 Mason, 1927) § 9392, reads:

"As against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint.

Against all others, he may have any relief consistent with the complaint and within the issue actually tried."

The default is a substantial recognition of the facts pleaded, and under the statute the relief given should not exceed the relief sought. Minnesota L. O. Co. v. Maginnis, 32 Minn. 193, 20 N. W. 85; Prince v. Farrell, 32 Minn. 293, 20 N. W. 234; Doud, Sons & Co. v. Duluth Milling Co. 55 Minn. 53, 56 N. W. 463; Northern Tr. Co. v. Albert Lea College, 68 Minn. 112, 71 N. W. 9; Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348; Hurr v. Davis, 155 Minn. 456, 193 N. W. 943, 194 N. W. 379. But here the prayer was to enjoin, which means to command. It asked to enjoin defendant from supporting or maintaining. To maintain means to continue in existence. The prayer in substance is that defendant shall not be permitted to maintain the pending cross-actions. The most effective means to do this was to direct their dismissals. We construe the prayer as sufficient to include and embrace a request that defendant be commanded to do that.

The judgment was against defendant only. It did not, as is usual in such cases, name the officers, agent, or employes of defendant corporation. But a lawful judicial command to a corporation is in effect a command to its officers, who may be punished for contempt for disobedience to its terms. Such a judgment is not merely addressed to the corporate entity, but it is a command to each official whose consent or co-operation may be necessary to the completion of the corporate act which is commanded, namely, to execute and file the dismissals. It is not difficult to see how the trial court found the president of the corporation to be such an official—he could hardly be otherwise. When the executive or managing officer of such a corporation has knowledge of such commanding judgment (here he had been served with a copy thereof) and fails to take appropriate action within his power for the performance of the corporate duty, he, no less than the corporation, is guilty of disobedience and may be punished for contempt. 5 Fletcher, Corp. p. 5569, § 3408. He of course if innocent could show his efforts, counsel and advice for obedience, or even want of

knowledge of the judgment. Whether the evidence is sufficient to sustain the finding of the president's ability to comply with the judgment cannot be reviewed upon the files before us in the absence of a settled case.

■ Appellant argues that the order requires the dismissal to be with prejudice, whereas the judgment requires only a dismissal. This suggestion is grounded upon paragraph 3 of the order of May 8, 1930, which reads:

"That fifteen days from and after May 8th, 1930, is a sufficient time to allow said Francis M. Henry to complete the dismissals required by said injunctions with prejudice and make showing to this court that he has completed the same with prejudice and make showing to this court that he has permanently refrained and desisted from the acts from which he is commanded to refrain and desist in said writ of injunction and to purge himself of contempt."

We do not construe this language as meaning that the dismissals were to be with prejudice. The inclusion of the words "with prejudice" must be regarded as an inadvertence because the judgment did not so direct, and it would not support or authorize a requirement that the dismissals be with prejudice. Perhaps a motion should be made in the lower court to strike the words "with prejudice."

Affirmed.