SHERMAN W. CHILD AND ANOTHER v. FRANCIS MAXWELL HENRY (28,234).
SAME PLAINTIFFS v. WASHED SAND & GRAVEL COMPANY (28,235).
SHERMAN W. CHILD v. FRANCIS MAXWELL HENRY (28,236).
SAME PLAINTIFF v. WASHED SAND & GRAVEL COMPANY (28,237).[1]

April 2, 1931.

Nos. 28,234, 28,235, 28,236, 28,237.

[1]Reported in 236 N. W. 202.

*Ohman, Fryberger & Wangaard*, for appellant.
*Child & Child*, for respondents.

HILTON, J.

The same issues are raised in each of these four cases. The facts are almost identical, and the records have been combined into one. The appeal in each case is from an order denying defendant's motion (a) for an order setting aside and vacating the judgment on the ground that the same was void, extrajudicial, and not authorized by the prayer for relief in the complaint and contrary to the statute of the state of Minnesota; (b) for an order of the court setting aside and vacating the judgment and permitting the defendant to interpose an answer to the complaint on the ground that the failure to file and serve an answer was due to inadvertence and excusable neglect on the part of defendant and negligence of defendant's counsel.

The main purpose of each of these four actions was to obtain a judgment permanently restraining the respective defendants (Francis Maxwell Henry, a resident of Minnesota, and Washed Sand & Gravel Company, a Minnesota corporation) from prosecuting a certain cross-complaint or complaint of reconvention or counterclaim (hereinafter referred to as cross-complaint) in the district court of Wharton county, Texas, in an action brought therein in October, 1928, by the plaintiff executors to foreclose a mortgage in said county.

The cross-complaints, in addition to asking for the annulment and cancelation of the mortgage on the Texas land and the notes secured

thereby, also asked for the cancelation of certain notes, mortgages and the foreclosure thereof, transactions affecting Minnesota lands, and for other affirmative relief, including the recovery by defendants of over $1,300,000 as actual and punitive damages because of an alleged conspiracy.

Judgment was entered on December 4, 1929, in each of the four cases in the district court of Hennepin county, Minnesota, by default, no answer having been interposed. No appeal was taken. The judgment entered in each case adjudged and decreed that such permanent writ of injunction be issued. It was so issued and served. In addition to other requirements it ordered the respective defendants to file or to cause to be filed written dismissals in the cross-actions in the district court of Wharton county within ten days after the service of the writ.

Identical motions were made in each case to open the default judgment on the grounds later specified in the notices of appeal therein. On June 28, 1930, an order was entered in each case denying the motion, and these appeals are therefrom.

The trial court made lengthy findings of fact, which substantially were in accordance with the allegations of the complaints. The conclusions of law drawn from such findings and resulting in the judgments and permanent writs of injunction of necessity followed.

The findings of fact among other things (here abbreviated and only stated in substance and effect) set forth the giving of a valid and subsisting note for $20,000, which was secured by the mortgage on the Texas land; the entry of a default judgment thereon in Hennepin county, which remains unpaid; the fraudulent acts of defendants and their ulterior motives and purposes in the proceedings taken by them in the Texas action; that all necessary witnesses for plaintiffs (more than 14 in number) reside in Hennepin county, Minnesota, and that every record, instrument, and account necessary to prove any and all defenses of the cross-defendants (plaintiffs here) are recorded in Hennepin county.

It was further found that the joining by defendants here of other named, financially responsible persons, residents of Hennepin

county, who were not then and have not since been in Texas or had property therein or been subject to the jurisdiction of the Texas court, as parties to the Texas action (against whom the claim was also made for the hereinbefore stated money damages for conspiracy, involving alleged acts done in Minnesota and relative to Minnesota real estate and as to which actions therefor are triable in Minnesota) was for the purpose of thereby threatening, intimidating, and coercing said joined parties from going into Texas to refute the claims of defendants herein; that the purpose and intention was thus to annoy, harass, vex, oppress, and intimidate these plaintiffs and cause them to desist from the foreclosure of the Texas mortgage, or to settle the same inequitably, or to refrain from going into Texas to testify to material facts; and that because thereof defendants (plaintiffs herein) were so annoyed, vexed, oppressed, and intimidated. The merit and justice of plaintiffs' claim and contentions and the total lack of merit in the claims of defendants was also found.

Further, it was found that the said cross-complaints were and are wilfully false, sham, and fraudulent and known by defendants to be such; that neither the plaintiffs here nor either of them ever entered into any conspiracy with the other parties attempted to be joined as defendants in the cross-complaint as alleged therein; that the expense of a trial of the case in Texas would be so prohibitive as to mulct the estate of a large part of the value of the security; that there are (certain recited) material differences between the law of Texas and the law of Minnesota affecting the rights and duties of the parties hereto which would of necessity be to the detriment and damage of said plaintiffs if the cause were tried in Texas and that it was the purpose of the defendants to evade the law of Minnesota giving the interpretation of the rights of the parties.

Case No. 28,234 was before this court as No. 28,161 and is reported in Child v. Washed Sand & Gravel Co. 181 Minn. 559, 233 N. W. 586. That decision involved an appeal by Mr. Henry from an order finding him guilty of contempt of court and directing that

he be committed to jail until he purge himself of such contempt. The contempt proceedings resulted from the refusal and neglect of defendant Henry (who was the sole surviving officer—president— and the principal stockholder in the Washed Sand & Gravel Company) to comply with the permanent writ of injunction commanding the defendant therein to refrain from bringing, prosecuting, supporting, or maintaining any claim, suit, or action at law or in equity, whether in the form of an independent action or as a cross-complaint, complaint of reconvention, or counterclaim, or in any other form for (full recital of purposes) in the district court of Wharton county, and to file or cause to be filed written dismissals of such cross-actions.

Case No. 28,234, previously before this court, had not been decided when appellant's brief in the present appeals was written. Much of the argument in that brief is considered and disposed of in the opinion hereinbefore referred to. That decision held that the judgment requiring defendants to dismiss the cross-action did not exceed the relief asked for in the prayer of the complaint.

■ The judgments here entered were not void or extrajudicial and were not contrary to statute. The allegations of the complaints and the findings of fact warranted the relief granted. All of the parties were domiciled in Minnesota; defendants' causes of action, if any, were suable in this state. The court had jurisdiction of defendants and power to restrain them, as was done, in the orderly administration of justice and to prevent such an inequitable advantage being taken of plaintiffs by defendants. The situation presented amply justified the court in ordering the judgment and issuance of the permanent writ of injunction. Union Pacific R. Co. v. Rule, 155 Minn. 302, 193 N. W. 161; Freick v. Hinkly, 122 Minn. 24, 141 N. W. 1096, 46 L.R.A.(N.S.) 695; Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 A. S. R. 534; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4478, and cases cited; 14 Minn. L. Rev. 494, *Jurisdiction of Equity;* 14 R. C. L. 412, et seq.

■ The question remaining is as to whether the motion of defendant in each case to set aside and vacate the judgment and to

permit defendant to interpose an answer to the complaint on the grounds urged in the court below and specified in the notice of appeal was properly denied. The power of granting or refusing to grant such a motion is primarily vested in the trial court and calls for the exercise of judicial discretion. Such discretion was properly exercised here. G. S. 1923 (2 Mason, 1927) § 9283; 3 Dunnell, Minn. Dig. (2 ed.) § 5010, et seq; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5035.

We have carefully examined the record and given attention to all points advanced in the briefs and oral arguments. The motions were properly denied.

Orders affirmed.

