FRED N. PETERSON v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

October 28, 1932.

No. 29,046.

[1]Reported in 244 N. W. 823.

*Stearns, Stone & Mackey* and *J. C. James,* for appellant.
*Barton & Mogren,* for respondent.

HOLT, J.

The appeal is from an order granting plaintiff certain relief.

From the record herein it appears that O. K. Miller, an employe of defendant in interstate transportation, was injured while so engaged in the state of Iowa, such injury causing his death. Miller and his family, consisting of his wife, Bessie M. Miller, and their two minor children, resided in Wapello county, Iowa. She was duly appointed administratrix of her husband's estate by the probate court of Wapello county. Later she petitioned the probate court of Ramsey county, this state, that plaintiff be appointed special administrator to enforce a claim against defendant for the death of her husband caused by defendant's negligence. The appointment was made, and plaintiff thereupon brought an action accordingly against defendant in the district court of Washington county, this state. Issue was joined, and plaintiff gave notice to take the depositions of Bessie M. Miller and other witnesses in Iowa. Before

the time arrived for so doing, defendant brought an action in Wapello county, Iowa, to restrain Bessie M. Miller, the other witnesses, and the notary public from giving and taking the depositions, and perpetually to restrain and enjoin Mrs. Miller from litigating her alleged cause of action in any other state than Iowa, on the grounds that it was contrary to the statute and public policy of Iowa and would be unduly burdensome to defendant to try the case in any other state than Iowa, where the injury occurred and where all witnesses, including Mrs. Miller, resided, and also that it would interfere with interstate commerce. A temporary injunction was issued by the Iowa court. Thereupon the present suit was instituted to prohibit defendant from placing obstacles in the way of plaintiff's obtaining the depositions of witnesses in Iowa for use in the trial of his action pending in the district court of Washington county. Upon the pleadings the court made its order commanding defendant within five days to cause the temporary injunction it obtained from the court of Wapello county, Iowa, to be vacated and the suit in which it was issued to be dismissed; and, on failure so to do, that its answer in the pending action brought by plaintiff to recover for the death of O. K. Miller be stricken and plaintiff be permitted to prove his cause of action as if in default of an answer.

Appellant contends that the probate court of Ramsey county lacked jurisdiction to appoint a special administrator. The cause of action set forth by the special administrator is transitory and arises under the federal employers liability act. It is not suggested that the record of his appointment in the probate court of Ramsey county on its face shows want of jurisdiction. Therefore the case of State ex rel. C. B. & Q. R. Co. v. Probate Court, 149 Minn. 464, 184 N. W. 43, cited by appellant, is against its contention. So are the other cases referred to in the case mentioned. See particularly Hutchins v. St. P. M. & M. Ry. Co. 44 Minn. 5, 46 N. W. 79. The motive in having a special administrator appointed is not here open to question or inquiry. Mecom v. Fitzsimmons D. Co. 284 U. S. 183, 52 S. Ct. 84, 76 L. ed. 233.

As to the contention that an affirmance of the order results in denying full faith and credit to the judicial proceedings of a sister

state, demanded by the federal constitution, we feel that until the federal Supreme Court declares otherwise the law is settled against appellant by our decisions announced in State ex rel. Bossung v. District Court, 140 Minn. 494, 168 N. W. 589, 1 A. L. R. 145; U. P. R. Co. v. Rule, 155 Minn. 302, 193 N. W. 161; Hoch v. Byram, 180 Minn. 298, 230 N. W. 823. In the Rule case, 155 Minn. 302, 193 N. W. 161, there was a final judgment restraining the prosecution of an action in any other state; whereas in this case there is only a temporary injunction. The plaintiff herein seeks the right to try in the usual manner an action here instituted prior to the beginning of the injunction proceedings by defendant in Iowa. The facts herein are parallel to those involved in C. M. & St. P. Ry. Co. v. Schendel (C. C. A.) 292 F. 326, except that there the railroad company had secured the temporary injunction in Iowa, the home of the deceased and his widow, enjoining the widow and other witnesses from testifying in any case brought outside of her residence district in the state of Iowa before the action was brought in the federal court of Minnesota. In the case at bar the suit in Iowa was subsequent; but this appears to be immaterial. The opinion is convincing that the proceedings in Iowa cannot be allowed to interfere with the proper trial of an action pending in the federal district court of this state where it has proper jurisdiction of the subject matter and the parties. In the Schendel case, 292 F. 326, as well as in this, it appears that the order of the Iowa court was based on the ground of the public policy of the state of Iowa. Judge Kenyon said [292 F. 333]:

"The subject-matter of the suit in the state court was not the cause of action for the death of Baker. The subject-matter of the action in the federal court was damages arising from said death. No state court had acquired jurisdiction of this cause of action. That jurisdiction was in the federal court, and the fact that an injunction suit was brought in the state court prior to commencing the action in the federal court could not give any jurisdiction of a matter not embraced therein. If, when an action is about to be brought in a proper jurisdiction in a federal court, the prospective

defendant can secure a sweeping injunction against witnesses appearing in that court in an action not yet brought, or giving testimony by deposition, it would be a perversion of the law to say that thereby the state court had acquired jurisdiction, and the federal court could not complain or interfere. The jurisdiction of the federal court would be impaired or defeated by such a proceeding, the same as if the proceeding had been brought subsequent to the one in the federal court. The state court had acquired no jurisdiction of the subject-matter. The federal court, having acquired such jurisdiction, had the right to retain and protect it from interference until the determination of the cause."

So here, the district court of Washington county had acquired jurisdiction of the subject matter, and not the probate court of Wapello county, Iowa.

Judge Kenyon also said [292 F. 334]:

"The mere hardship of defending a suit brought elsewhere than in the district where plaintiff or witnesses reside is hardly sufficient to warrant the interference of equity."

It was held that the Iowa injunction was of no effect; and that so holding was not a denial of the full faith and credit which art. IV, § 1, of the federal constitution demands shall be given to the judicial proceedings of a sister state; and approval was given to the order requiring defendant to dismiss its action for injunction in the Iowa courts.

To sustain its contention that the temporary injunction of the Wapello county court in Iowa must be given full force and effect, appellant cites Spoo v. C. R. I. & P. Ry. Co. 191 Iowa, 1134, 183 N. W. 580. However, due to the decision in C. M. & St. P. Ry. Co. v. Schendel (C. C. A.) 292 F. 326, the Iowa court has ceased to adhere to the doctrine of the Spoo case when the cause of action arises under the federal employers liability act. Payne v. Knapp, 197 Iowa, 737, 198 N. W. 62. See also C. M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218. In respect to the case of Ex parte Crandall (D. C.) 52 F. (2d) 650, and Id. (C. C. A.) 53 F.

(2d) 969, 971, relied on by appellant, it must be appreciated that it was a habeas corpus proceeding, and the appellate federal court ruled that the "county probate court appearing to have jurisdiction over the subject-matter wherein its temporary injunction was granted, the federal courts, by habeas corpus or otherwise, are without power to pass upon the wisdom, justice, or legality of its action." So the writ was discharged and the petitioner remanded to the sheriff who had her in custody on a commitment for contempt for causing a special administrator to be appointed and instituting an action in Missouri to recover for her husband's wrongful death, contrary to an order of the probate court of Indiana, where she resided and was appointed administratrix of her husband's estate.

Another contention is that in so far as the order strikes the answer and permits plaintiff to prove his cause of action as upon default, art. XIV, § 1, of the federal constitution is violated. Appellant may retain all defenses it has pleaded, or has, by dismissing its Iowa suit wherein the temporary injunction issued. That is readily within its power. Courts have often coerced a litigant to do an act necessary for the proper administration of justice in a particular case of which it has jurisdiction, when the act is clearly within the litigant's power to perform and when the doing thereof does not deprive him of any right or property, by dismissing his appeal or by striking his pleading for failure to perform the act. This was done in Lipman v. Bechhoefer, 141 Minn. 131, 169 N. W. 536, and cases therein referred to. The subject is exhaustively treated by Mr. Justice White in Hovey v. Elliott, 167 U. S. 409, 17 S. Ct. 841, 42 L. ed. 215, and Hammond Packing Co. v. Arkansas, 212 U. S. 322, 29 S. Ct. 370, 53 L. ed. 530, 15 Ann. Cas. 645; and as we read those decisions the answer in the instant case was properly directed to be stricken under conditions substantially the same as those in the Hammond Packing Company case.

To the claim that plaintiff as special administrator is not the owner of the cause of action for wrongful death and has no legal capacity to sue, the answer is that the appointment of plaintiff cannot be collaterally attacked now. He has qualified and brought the

action for the benefit of the next of kin. The widow is not alone interested in the proceeds. There are two minor children. Even though plaintiff was appointed on the petition of the widow, it is not within her power to have him removed except for good cause. She cannot interfere with his conduct of the pending action, except perhaps by settling it as administratrix. Plaintiff's cause. of action for the death of Miller is not obtained by any assignment from the widow as administratrix, as in Flynn v. C. & G. W. R. Co. 159 Iowa, 571, 141 N. W. 401, 45 L.R.A.(N.S.) 1098. He asserts it solely under the federal employers liability act for the benefit of the next of kin.

It is not to be denied that the courts of Iowa may enjoin its citizens from maintaining vexatious and harassing suits against its own citizens in a sister state. Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 A. S. R. 534; Freick v. Hinkly, 122 Minn. 24, 141 N. W. 1096, 46 L.R.A.(N.S.) 695; Reed's Admx. v. Illinois Cent. R. Co. 182 Ky. 455, 206 S. W. 794. But we think the showing here is that the temporary injunction issued to enforce a public policy of the state of Iowa, which the Iowa court, because of the decision of the federal court in C. M. & St. P. Ry. Co. v. Schendel (C. C. A.) 292 F. 326, has now abandoned by Payne v. Knapp, 197 Iowa, 737, 198 N. W. 62.

The order is affirmed.

STONE, J. took no part.