PAUL H. WENDEL, Respondent, v. HAROLD G. HOFFMAN, Appellant, and Others, Defendants.— The motion is granted to the extent of amending the decision of this court handed down on February 19, 1940 [258 App. Div. 1084], to read as follows: Plaintiff sues to recover damages for injuries alleged to have been sustained by reason of his kidnapping, false imprisonment, assaults, batteries and other torts. It is alleged the defendants conspired to commit these wrongs. The defendant Hoffman made a motion to vacate and set aside the service of the summons and complaint and for an order judicially determining that this court declined to entertain or assume jurisdiction in this action over the person of plaintiff and himself or over the subject-matter. The motion was denied, as was a subsequent motion for the same relief on additional papers. Defendant Hoffman appeals, in part, from the two orders entered on the denial of the above-mentioned motions. The basis of both motions was that plaintiff and Hoffman were non-residents. The learned Special Term held that plaintiff was a resident of the State of New York when the action was instituted. In our opinion this finding is not supported by the record. Orders, in so far as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements, and the motions granted in the exercise of discretion, with ten dollars costs, on condition that within ten days from the entry of the order hereon the appellant stipulate, and within twenty days after such stipulation, secure the written consent of such of his codefendants as have been served or appeared or answered herein to accept service of process in any action brought against them by plaintiff in the appropriate New Jersey court, for the same relief; and that neither he nor such codefendants will plead the Statute of Limitations as a defense in such action, but will waive it. In the event of appellant's failure to comply with the foregoing conditions, the orders, in so far as appealed from, are

affirmed, without costs, with leave to appellant to appear herein and serve his answer within forty days after the entry of the order hereon. The action in the New Jersey courts should be instituted within a reasonable time after the entry of the order hereon and compliance by appellant with the conditions imposed. Order dated February 19, 1940, resettled accordingly. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur. [See *post*, p. 917.]