ISRAEL SVISLOTZKY, Doing Business under the Name of SVIS-LOTZKY BROS., Plaintiff, *v.* SAM HELLMAN, Defendant.

Supreme Court, Special Term, Bronx County, March 9, 1954.

*Samuel Roth* for defendant.

*Louis Peck* and *Francis J. McCaffrey* for plaintiff.

MATTHEW M. LEVY, J. This is a motion by the defendant in an action for defamation to stay the plaintiff, an alien non-resident, in the prosecution of this action, until he deposits security for costs, and until the plaintiff withdraws his objection to the service of a summons by publication in another action (for breach of contract of a joint venture) instituted in the Supreme Court, New York County, wherein the present defendant, a resident of this State, is the plaintiff and the present plaintiff is the defendant. The plaintiff in the first action asks that, as a matter of fairness and reciprocity, the plaintiff here should be required to withdraw his special appearance objecting to the jurisdiction of this court over him in the

other litigation, before he should be permitted to invoke the jurisdiction of the court to obtain relief against the same resident-citizen who is being frustrated in his efforts to obtain the aid of the court against the nonresident.

The defendant is entitled to have granted that branch of the motion to have security for costs because of the plaintiff's nonresidence (Civ. Prac. Act, § 1522) and he is required to file a bond in the sum of $250, failing in which the plaintiff will be stayed. But the motion must be denied as to that prayer which seeks to require the plaintiff to appear generally in the prior lawsuit. The fact that a nonresident is a plaintiff in one action does not render him amenable to the jurisdiction of the court in another action. Nor am I warranted in using the pendency of one action as an *in terrorem* weapon for compelling the plaintiff to bow to an absent jurisdiction. As to reciprocity, that might well be a matter for consideration by the treaty-making powers of sovereign States. But, presently, comity and commerce would discourage the idea, the law does not provide for it, and equity does not justify it. The authority (*Wendel* v. *Hoffman,* 259 App. Div. 732) relied upon by the movant is not in point.

Order signed.