**Nolie Lee HILL, Plaintiff,**

v.

**UPPER MISSISSIPPI TOWING CORPORATION, a corporation, Defendant.**

**Civ. No. 5379.**

United States District Court
D. Minnesota, Fourth Division.
June 4, 1956.

Clifford W. Gardner, St. Paul, Minn., S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

John A. McEachron, Jr., Faegre and Benson, Minneapolis, Minn., Lord, Bissell & Brook, Chicago, Ill., for defendant.

DEVITT, District Judge.

This matter is before the Court on defendant's motion, under 28 U.S.C.A. § 1404(a), for a change of venue to the Western District of Tennessee.

The plaintiff, a seaman in the employ of defendant and assigned to defendant's vessel, the M/V Harriet Ann, brought this action under the Jones Act, 46 U.S.C.A. § 688, in the District of Minnesota for damages from alleged injuries to plaintiff's eyes caused by noxious fumes emanating from two barges being towed on the Mississippi River by the Harriet Ann.

Plaintiff is a resident of Mississippi, and defendant is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

By supporting affidavit of defendant's president it appears that the Harriet Ann normally navigates the waters of the lower Mississippi and frequently calls at Memphis, the place for holding court in the Western District of Tennessee. Defendant contends that the crew members of the vessel may be witnesses in this action and would be more available in Memphis than in Minneapolis. It also appears that defendant intends to use as evidence the records of the United States Public Health Hospital

in Memphis, where plaintiff was treated, and intends to call doctors of that hospital as witnesses. The defendant contends that the records and the doctors are more readily obtainable for trial in Memphis than in Minneapolis, and that the plaintiff lives 871 miles closer to Memphis than to Minneapolis. Plaintiff's counsel lives in Cleveland, Ohio.

This is an action at law under the Jones Act, which reads:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right of remedy in cases of personal injury to railway employees shall apply; * * *. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C.A. § 688.

Section 1404(a), 28 U.S.C.A., providing for change of venue reads:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A motion for change of venue presupposes two districts in which there is proper venue, and in which there is or may be jurisdiction of the defendant. This is the implication of the words "might have been brought" contained in Sec. 1404(a).

The first issue is: Could the action have been brought in the Western District of Tennessee within the meaning of Sec. 1404(a)? The answer, in my view, is yes.

It may be wise at the outset to note the final sentence of the Jones Act, 46 U.S.C.A. § 688:

" * * * Jurisdiction in such actions shall be under the court of the district in which the defendant

employer resides or in which his principal office is located."

The word "Jurisdiction" as used here means "venue." See Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S. Ct. 391, 68 L.Ed. 748. In that case the Court held that the Jones Act was not intended to impose a jurisdictional requirement on actions brought under that Act; such actions are subject only to the general jurisdictional provisions applicable to district courts, now contained in Secs. 1331 and 1332 of the Judicial Code, 28 U.S.C.A. See 264 U.S. at pages 384–385, 44 S.Ct. at pages 392–393.

The defendant corporation in this case has its principal office in Minneapolis, Minnesota, and venue has been properly laid in this district. But the venue requirement of the Jones Act does not dictate the only forum in which the action may be tried. Venue provisions merely confer upon the defendant a personal privilege which may be waived. Panama Railroad Co. v. Johnson, supra. By moving for a change of venue, the defendant has consented to make a general appearance to contest the action on its merits in Memphis and has necessarily waived any objections to venue and jurisdiction. This consent by defendant qualifies the Western District of Tennessee as a place where the action " * * * might have been brought" within the meaning of 28 U.S.C.A. § 1404(a). The cases clearly so hold. Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, 114; Anthony v. Kaufman, 2 Cir., 193 F.2d 85; Ferguson v. Ford Motor Co., D.C.S.D.N.Y., 89 F. Supp. 45, appeal dismissed, sub nom. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624, and Glasfloss Corp. v. Owens-Corning Fiberglas Corp., D.C.S.D.N.Y., 90 F.Supp. 967.

The second issue is: Will the convenience of the parties and witnesses and the interest of justice be served by a transfer to the Western District of Tennessee? The answer, in my view, is yes.

Plaintiff has cited Gulf Oil Co. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed.

1055, and many other cases in support of his contention that the plaintiff's choice of forum should rarely be disturbed and then only when the considerations in favor of transfer are overwhelming. The Gulf Oil case fully supports plaintiff's contention, but that case dealt with the application of the doctrine of *forum non conveniens.* The Supreme Court, since Gulf Oil was decided, has made it abundantly clear that Sec. 1404(a) is not a codification of the doctrine of *forum non conveniens.* Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789. In considering the breadth of discretion to be exercised under Sec. 1404(a), the Court there said:

> " * * * we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." 349 U.S. at page 32, 75 S.Ct. at page 546.

It is apparent that the *only* connection that the District of Minnesota has with the facts of this lawsuit is that the principal office of defendant is here. Balanced against this are several considerations in favor of transferring this action to the district court in Memphis.

Plaintiff received care and treatment for his injuries at the United States Public Health Hospital in Memphis, Tennessee. It seems obvious that the records of that hospital relating to the plaintiff will be more easily obtainable for trial in Memphis than in Minneapolis. It appears equally obvious that those doctors of the Public Health Service Hospital in Memphis whose testimony is required will find it more convenient to appear in court there. I find no indication in the current regulations of the Public Health Service that the Service doctors are prevented from testi-

fying as urged by the plaintiff. See 42 C.F.R. Sections 1.104 and 1.108.

Defendant also states in its motion that it believes it must use as witnesses crew members of the M/V Harriet Ann which, as is shown by the supporting affidavit of defendant's president, regularly calls at Memphis and not at any Minnesota port. Plaintiff contends that the normal operating schedule of the Harriet Ann is of no importance since the vessel is capable of being assigned the entire navigable length of any river. However, we are dealing here with matters of convenience, not mere possibilities. Certainly it would be more convenient for crew members of the vessel to appear in Memphis. This would obviate a probable disruption of the operating schedule of the vessel and the regular employment of the crew members if they were required to appear in Minneapolis. Furthermore, during trial it might be necessary to view the Harriet Ann, which view would be more easily obtainable at Memphis than here. True, witnesses' testimony may be taken by deposition, but the taking of depositions in Memphis for a trial in Minneapolis would not be as convenient or as effective as would the personal appearance of these witnesses in Memphis.

It is admitted that plaintiff lives 871 miles closer to Memphis than to Minneapolis. Plaintiff's counsel states that this is immaterial to plaintiff, but despite the concession, it is apparent that it is more convenient to travel from plaintiff's residence in Mississippi to the contiguous state of Tennessee than from Mississippi, across three states to Minneapolis, Minnesota, 871 miles further. Cleveland, Ohio, where plaintiff's counsel lives, is about an equal distance from Memphis and from Minneapolis.

Defendant has not given us the names of those witnesses it intends to call, nor has defendant indicated what testimony they will give. Plaintiff contends that defendant's failure in this regard precludes transfer for lack of sufficient showing of convenience. To this

effect is cited General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316; Jenkins v. Wilson Freight Forwarding Co., D.C.S.D.N.Y., 104 F.Supp. 422; Goodman v. Southern Ry. Co., D.C.S.D.N.Y., 99 F.Supp. 852. These cases tend to support the proposition that the names of the witnesses and a general statement of their testimony should be given to support a motion for change of venue. However, this is not a requirement *sine qua non*, nor do these cases indicate that it is. In all of the cited cases the transferor forum had elements of convenience standing alone and the considerations of convenience applicable to the transferee districts were held not sufficient to overcome the already present convenience of the transferor districts. The lack of specificity of names and proposed testimony of witnesses in the transferee districts was merely one factor which led those courts to their conclusions.

This is quite a different case. Plaintiff has made no showing that this district is a convenient one, nor do I see any considerations of convenience which would commend this district as a proper place for trial.

Plaintiff contends that jury awards in personal injury litigation are much higher in Minnesota than they are in Tennessee, and that defendant's motive in seeking a change of venue is to secure to itself such a natural advantage. Plaintiff's counsel, on oral argument, admitted that a prime consideration in bringing, and attempting to retain, this action in the District of Minnesota was the hope of securing a more favorable award of damages here. From either party's viewpoint, the factor is entitled to no consideration in passing on a motion for a change of venue. This is the clear implication of Gulf Oil Co. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. It doesn't make sense to venue lawsuits on the basis of the claimed generosity or reputed parsimony of veniremen.

Since Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, the district courts have a broader discretion in these matters. The facts here show that the District of Minnesota possesses no qualities of convenience and the Western District of Tennessee possesses enough of them to amply warrant the conclusion that, in the interest of justice, the matter should be tried in Memphis.

The motion for a change of venue to the Western District of Tennessee is granted.