## NOLIE LEE HILL v. UPPER MISSISSIPPI TOWING CORPORATION.

89 N. W. (2d) 654.

April 11, 1958—No. 37,297.

*Clifford W. Gardner,* for appellant.

*Faegre & Benson, Wright W. Brooks, Lord, Bissell & Brook,* and *Edward B. Hayes,* for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of dismissal entered in the District Court of Hennepin County pursuant to an order dismissing the action without prejudice and without costs to either party.

The plaintiff claims to have suffered personal injuries while employed by the defendant company as a deckhand on one of its vessels. The injuries are alleged to have resulted from the accumulative effects of excessive chemical fumes to which the plaintiff was exposed during the course of his employment. The injuries from which the plaintiff is alleged to have lost the sight of one eye occurred during the months of June, July, and August 1955 while the vessel on which he worked was in transit between New Orleans and St. Louis on the Mississippi River. It cannot be said that the place where the injuries occurred was in any particular jurisdiction.

The plaintiff is a resident of the State of Mississippi. The defendant

is a Minnesota corporation having its office and principal place of business in the city of Minneapolis. It owns and operates barges and towing vessels engaged in commerce and navigation on the waters of the Mississippi River. It appears that its officers who direct and manage the business are residents of the State of Minnesota. With the exception of its barges and vessels which move on the Mississippi River, the property of defendant is permanently located in Minnesota. The defendant has no property, agent, or office in the State of Mississippi, where the plaintiff has his home, nor in the State of Tennessee, the district to which the defendant seeks to transfer this case. Although the vessels of the defendant company may on occasion stop at the port of Memphis, it has no dockage rights at that port.

It appears that plaintiff was treated for his injuries in the United States Public Health Service Hospital in Memphis, Tennessee. Although defendant is not a resident of the State of Tennessee and not doing business there so as to be amenable to suit in that jurisdiction, it is defendant's claim that, because the hospital records are located in Tennessee and because that jurisdiction is more convenient and would require less time for travel for the witnesses who might be expected to testify, the action should be tried there.

Plaintiff originally instituted an action in the United States District Court for the district of Minnesota. In that action the court granted the defendant's motion, pursuant to 62 Stat. 937, 28 USCA, § 1404(a), for an order transferring the case from the United States District Court of Minnesota to the district of Tennessee.[1] Thereafter the plaintiff dismissed the action in United States District Court and started this action in state court. It should be noted that defendant cannot claim forum shopping here, nor can it be said that the bringing of the action in Minnesota constitutes harassment of the defendant. Minnesota is the only district in which the defendant could have been subjected to involuntary service.

The plaintiff seeks damages under the so-called Jones Act (41 Stat. 1007, 46 USCA, § 688) which provides:

"Any seaman who shall suffer personal injury in the course of his

---

[1]Hill v. Upper Mississippi Towing Corp. (D. Minn.) 141 F. Supp. 692.

employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * *."

The defendant in its answer denied liability and ·alleged that the district of Minnesota was an inconvenient forum and asked that the court decline jurisdiction for the reason that the United States District Court had by judgment entered an order transferring the action to the jurisdiction of Tennessee. The answer further set out allegations of fact in support of its claim that Minnesota is not a convenient or proper district for trial of the action.

Plaintiff thereafter moved for an order striking from the answer the defense of forum non conveniens. The defendant moved, on the basis of that defense, for an order dismissing the complaint. In disposing of these motions the trial court (1) denied the plaintiff's motion to strike and (2) granted the defendant's motion to dismiss without prejudice and without costs upon certain conditions. The order dismissing the action was conditioned upon the defendant submitting to in personam jurisdiction in Tennessee; waiving the defense of forum non conveniens; and consenting to a trial by jury in the particular court of Tennessee selected by the plaintiff. The order further provided that, if the defendant failed to comply with the conditions specified, or if the Tennessee court in which the plaintiff brought the action declined to exercise jurisdiction, then, upon proper application and showing by the plaintiff, the original action would be reinstated with the same force and effect as if it had never been dismissed. The defendant has agreed to comply with the conditions set forth in the court's order. It is from the judgment entered on this order that the plaintiff appeals.

It has long been recognized that before the doctrine of forum non conveniens may be invoked it must appear that the plaintiff has a choice of two forums in which to subject the defendant to process. Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 506, 67 S. Ct. 839, 842, 91 L. ed. 1055, 1061; Gore v. United States Steel Corp. 15 N. J. 301, 104 A. (2d) 670, 48 A. L. R. (2d) 841. There can be no serious dispute here that when the action was started there was only one jurisdiction in which

the defendant was amenable to process and that was in the district of Minnesota. The defendant contends, however, that by consenting to be sued in the jurisdiction of Tennessee the two-forum requirement was supplied. The narrow question before us then is whether a district court of this state may apply the doctrine of forum non conveniens upon the defendant's offer to submit to in personam jurisdiction in the more convenient forum, where Minnesota is the only forum in which the plaintiff can obtain in personam jurisdiction by involuntary service of process.

In preface to the discussion which follows it should be noted that the plaintiff is properly before the courts of Minnesota.[2] In Kernan v. American Dredging Co. 355 U. S. 426, 78 S. Ct. 394, 2 L. ed. (2d) 382, it was held that the Jones Act expressly provides for seamen a cause of action together with the entire judicially developed doctrine of liability granted to railroad workers under Federal Employers' Liability Act. Moreover, the plaintiff was within his rights under Rule 41(a) of Federal Rules of Civil Procedure in voluntarily dismissing the suit in Federal court and instituting this action in state court. Littman v. Bache & Co. (2 Cir.) 252 F. (2d) 479.

Having properly instituted the action in state district court, in the county of defendant's residence, the statutory prohibition of removal of actions instituted in state court under F. E. L. A. applies to suits under the Jones Act so this action may not be removed to the Federal court. 62 Stat. 939, 28 USCA, § 1445; 35 Am. Jur., Master and Servant, § 463; Loftus v. Delaware & H. R. Corp. (M. D. Pa.) 122 F. Supp. 829; McKee v. Merritt-Chapman & Scott Corp. (N. D. Ill.) 144 F. Supp. 423; Moe v. Eagle Ocean Transp. Co. (S. D. Tex.) 91 F.

---

[2]Although the plaintiff is a resident of the State of Mississippi, his right of access to the courts of this state is protected by U. S. Const. art. IV, § 2. We have held that a citizen of a sister state has precisely the same rights and privileges before our courts as a citizen of the State of Minnesota. State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463; Union Pac. R. Co. v. Rule, 155 Minn. 302, 193 N. W. 161; Davis v. Minneapolis, St. P. & S. S. M. Ry. Co. 134 Minn. 455, 159 N. W. 1084; State ex rel. Schendel v. District Court, 156 Minn. 380, 194 N. W. 780; Johnson v. Chicago, B. & Q. R. Co. 243 Minn. 58, 66 N. W. (2d) 763.

Supp. 910. It is apparent from these authorities that Congress intended the state courts to share the burden of litigation necessarily attendant upon the administration of these acts.

While the judgment in this action has been referred to as a dismissal without prejudice, it is in effect an interlocutory decree by which the proceedings in this jurisdiction are stayed pending the outcome of the action in a foreign jurisdiction. While this kind of a judgment, which in effect transfers an action to a separate court under a separate sovereignty, is unknown to our practice and is without authority either in our constitutional, statutory, or decisional law,[3] the action of the trial court

---

[3] The right of the plaintiff to have his case heard before the courts of this state is further affirmed by *Minn. Const. art. 6, § 5, as amended November 6, 1956,* which provides: "The district court shall have original jurisdiction in all civil and criminal cases, and shall have such appellate jurisdiction as may be prescribed by law." *M. S. A. 484.01* provides that the "district courts shall have original jurisdiction in all civil actions within their respective districts, * * *." *M. S. A. 542.09, as amended by L. 1955, c. 614,* provides: "All actions not enumerated in sections 542.02 to 542.08 and section 542.095 [all inapplicable here] shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action * * * arose. * * * A corporation, other than * * * [exceptions inapplicable here] shall be considered as residing in any county where it has an office, resident agent, or business place." *M. S. A. 484.49, relating to trial of actions,* provides: "All civil actions brought in the district court of the county against any person or persons, firm, or corporation residing in the county, shall be tried, heard, and determined at the place of holding regular or adjourned terms of the district court which is nearest, by the usual route of travel, to the residence of the defendant * * *; and, for the purpose of determining the place of residence of domestic corporations, such a corporation shall be considered as residing at any place where it has an office, resident agent, or business place; * * *." The conditions under which a change of venue may be accomplished are provided by *M. S. A. 542.10.*

The subject of involuntary dismissal is governed by *Rule 41.02* of Rules of Civil Procedure which supersedes M.S.A. 546.38 and 546.39. The grounds for dismissal under Rule 41.02 are failure to prosecute; failure to comply with the rules of the court; or, on motion after presentation of evidence is completed, that the facts and law show no right to relief, etc. *Rule 12.02* provides for motion to dismiss for lack of jurisdiction of the persons or subject matter.

is not without precedent. Certain trial courts, in the interests of expediency and a practical disposition of venue and jurisdictional problems with which they were presented, have adopted the device of a conditional dismissal similar to the one we have here and apparently have done so on the theory that a court has inherent power to dismiss or stay actions on equitable grounds presented by the moving party. See, Ivy v. Stoddard, 147 N. Y. S. (2d) 469; Wendel v. Hoffman, 259 App. Div. 732, 18 N. Y. S. (2d) 96; Vargas v. A. H. Bull Steamship Co. 44 N. J. Super. 536, 131 A. (2d) 39. None of these cases have met the test of appellate review in the jurisdictions from which they come. As to the jurisdiction of the State of New York, it should be noted that in Vigil v. Cayuga Const. Corp. 185 Misc. 675, 54 N. Y. S. (2d) 94, affirmed, 269 App. Div. 934, 58 N. Y. S. (2d) 343, the bald assertion is made that the plea of forum non conveniens cannot be presented by a resident of the forum, and as recently as February 18, 1958,[4] the appellate division of the New York courts has by way of dicta reaffirmed their previous statement in de la Bouillerie v. de Vienne, 300 N. Y. 60, 62, 89 N. E. (2d) 15, 48 A. L. R. (2d) 798, to the effect that:

*"Our courts are bound to try action for a foreign tort when either the plaintiff or the defendant is a resident of this State.* (Crashley v. Press Pub. Co., 179 N. Y. 27, 32.) *It is only when an action is brought by one nonresident against another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy.* (Wedemann v. United States Trust Co., 258 N. Y. 315, 317; Murnan v. Wabash Ry. Co., 246 N. Y. 244, 247; Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152, 160.)" (Italics supplied.)

See, also, Taylor v. Interstate Motor Freight System, 309 N. Y. 633, 132 N. E. (2d) 878, and 1 App. Div. (2d) 933, 150 N. Y. S. (2d) 84, appeal dismissed, 1 N. Y. (2d) 925, 154 N. Y. S. (2d) 986, 136 N. E. (2d) 924. As to the jurisdiction of New Jersey, it should be noted that the supreme court of that state in the Gore case (15 N. J. 301, 104 A. [2d] 670, 48 A. L. R. [2d] 841) has cited the Gulf Oil Corp.

---

[4]Ginsburg v. Hearst Publishing Co. Inc. 5 App. Div. (2d) 200, 170 N. Y. S. (2d) 691.

case, *supra,* with approval to the effect that forum non conveniens presupposes two jurisdictions in which the defendant is amenable to process.

In support of its argument that consent to the transfer of a case to the more convenient forum permits the court to invoke the doctrine of forum non conveniens, the defendant relies principally on Paramount Pictures v. Rodney (3 Cir.) 186 F. (2d) 111; Anthony v. Kaufman (2 Cir.) 193 F. (2d) 85; and Hill v. Upper Mississippi Towing Corp. (D. Minn.) 141 F. Supp. 692. The authority for the court to transfer in these cases is derived from 62 Stat. 937, 28 USCA, § 1404(a), which provides for transfer of actions from one United States District Court to another. Moreover, the first two cases involved multiple-defendant actions, where service could have been had on one of the defendants in the transferee district and the other defendants consented to the transfer. The latter decision is authority for the proposition that a transfer may be granted to a more convenient forum from the jurisdiction in which a single defendant has his residence and place of business. The statutory authority under § 1404(a), however, has a broader application than the doctrine of forum non conveniens. The latter doctrine as applied to courts in different judicial systems, comprehends dismissal in the inconvenient forum. See, Norwood v. Kirkpatrick, 349 U. S. 29, 75 S. Ct. 544, 99 L. ed. 789; Hayes v. Chicago, R. I. & P. R. Co. (D. Minn.) 79 F. Supp. 821; Ferguson v. Ford Motor Co. (S. D. N. Y.) 89 F. Supp. 45; Mitchell v. Gundlach (D. Md.) 136 F. Supp. 169. In the latter case, Judge Chesnut noted that (136 F. Supp. 171) § 1404(a) "constitutes a remedial improvement in procedure over the application of forum non conveniens in that the result of the application of the latter was simply to dismiss the case leaving the plaintiff to originate a new suit elsewhere in an appropriate jurisdiction, with, of course, the undesirable incidence of accumulated costs and possibilities of accrual of period of limitations." We know of no authority by which one state court may transfer an action to a court in a sister state in the same manner a Federal court may properly transfer an action from one district to another within its own system under the authority of § 1404(a).

The defendants rely on Johnson v. Chicago, B. & Q. R. Co. 243

Minn. 58, 66 N. W. (2d) 763. In that case we held that there was nothing in our state constitution which would prohibit the application of the doctrine of forum non conveniens. In overruling Boright v. Chicago, R. I. & P. Ry. Co. 180 Minn. 52, 230 N. W. 457, which held that the doctrine of forum non conveniens was not applicable in F. E. L. A. cases, we pointed out that, since Congress by the passage of § 1404(a) adopted the rule of forum non conveniens in connection with such actions brought in Federal court, there was no good reason why we should not follow the same procedure when such actions are brought in our court. In the Johnson case the defendant was amenable to process not only in Minnesota but in the State of Nebraska where the plaintiff resided. There is nothing in that opinion, however, to lend support to the contention of the defendant that the basic requirement of two forums may be modified so as to provide that consent to be sued in a transferee district may supply the necessary requirement of two forums.

The principle of law by which we are controlled is stated in Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 506, 67 S. Ct. 839, 842, 91 L. ed. 1055, 1061:

"* * * In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them."

In holding that forum non conveniens presupposes at least two forums in which the defendant is amenable to process, we understand that rule to imply that the plaintiff must have a present available right to secure involuntary process in more than one jurisdiction at the time the suit is started. The requirement of at least two forums is fundamental and inherent in the very reasons which gave rise to the doctrine.[5]

Where only one forum exists, the doctrine may not be enlarged by the conduct of the defendant, and the want of another forum may not

---

[5]In discussing the Scottish origin of the doctrine, Gloag & Henderson, Introduction to the Law of Scotland (1927), c. 2, § 17, states: "For the success of the plea it is necessary to show that some other court * * * has concurrent jurisdiction."

be supplied by the fiction of an antecedent jurisdiction created by the consent of the defendant after the action is started. In Tivoli Realty v. Interstate Circuit (5 Cir.) 167 F. (2d) 155, 157, the court took occasion to note that, since every Federal venue statute embraces the defendant's residence or domicile as one of the places for suits to be brought against him, it is fair to assume that the residence of the defendant is a proper place to institute such suit. In noting that the doctrine of forum non conveniens furnishes the criteria for choice between two or more forums in which the defendant is amenable to process, the court said (167 F. [2d] 156):

"* * * *At least two such forums must be open to the plaintiff before the doctrine comes into play; and they shall not be dependent merely upon the will or grace of the defendant, but must be provided by law.*" (Italics supplied.)

The views of this court on the subject of forum non conveniens have been fully stated in recent decisions. Johnson v. Chicago, B. & Q. R. Co. 243 Minn. 58, 66 N. W. (2d) 763; Ramsey v. Chicago G. W. Ry. Co. 247 Minn. 217, 77 N. W. (2d) 176, certiorari denied, 352 U. S. 841, 77 S. Ct. 63, 1 L. ed. (2d) 57; Maynard v. Chicago & N. W. Ry. Co. 247 Minn. 228, 77 N. W. (2d) 183. It is unnecessary to add anything on that subject here other than to say that upon the facts before us the doctrine of forum non conveniens does not apply.

The defendant contends by its supplementary brief that, since its vessels ply regularly between New Orleans and St. Louis by way of Memphis, plaintiff could have obtained jurisdiction of the defendant in Tennessee by attaching the vessels or by serving the captain or clerk on any boat owned by the defendant under Tenn. Code Ann. § 20-229. That act provides for service of process upon the captain or clerk of any boat operated in the territorial waters of Tennessee for injury arising out of the operation of any boat owned by the defendant. The defendant has not called to our attention any provision of the Tennessee Code which purports to provide for service of process upon the defendant in the event none of the boats can be found in the rivers in or bordering on the State of Tennessee. As we have heretofore noted, the vessels of the defendant do not have a regular schedule of calls at the

174

port of Memphis, Tennessee. We do not think that the statute provided a forum where the plaintiff had a present available right to secure involuntary process on the defendant in Tennessee. If the plaintiff had attempted to start this action in Tennessee, for all that appears from the record, he might have had to wait an interminable length of time before he would have had an opportunity to get service upon the defendant. In the meantime the statute of limitations might have operated to his prejudice.

Under the authorities submitted to us and upon the facts which appear in the record, we do not think that the defendant is domiciled in the State of Tennessee nor is it doing business there so as to be amenable to process in that jurisdiction within the meaning of the requirements of forum non conveniens as set forth in the Gulf Oil Corp. case, *supra.*

Reversed.